| | | |
|---|---|---|
| **DONALD W. ACTON, and** | ) | |
| **MARY K. ACTON,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Docket No. _____** |
| | ) | |
| **REGIONS BANK,** | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiffs, Donald W. Acton and Mary K. Acton, appear by and through counsel and sue the Defendant, Regions Bank, for violations of Federal Regulation E and the Electronic Funds Transfer Act. As grounds for their cause of action, Plaintiffs would show as follows:

### INTRODUCTION

1. This is an action by individual consumers for actual and statutory damages stemming from Defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* and Regulation E thereunder, 12 C.F.R. § 205.1 *et seq.* ("Regulation E"), which gives consumers the right to challenge and obtain documentation concerning fraudulent electronic transfers from accounts with financial institutions.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff, Donald W. Acton, was at all times herein relevant a citizen and resident of Knox County, Tennessee, and was a "consumer" as defined by 15 U.S.C. § 1693a(6). Donald W. Acton's address is 1186 Jenkins Lane, Knoxville, Tennessee 37922.

3.     Plaintiff, Mary K. Acton, was at all times herein relevant a citizen and resident of Knox County, Tennessee, and was a "consumer" as defined by 15 U.S.C. § 1693a(6). Mary K. Acton's address is 1186 Jenkins Lane, Knoxville, Tennessee 37922.

4.     Defendant, Regions Bank (hereinafter "Regions"), is a regional bank with its headquarters located at 1900 Fifth Avenue North, Birmingham, Alabama, 35203. Regions currently has locations in over fifteen (15) states and does substantial business in Knox County, Tennessee.

5.     Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiffs' claim arises under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6.     Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts giving rise to this action occurred in substantial part in this district.

## FACTUAL ALLEGATIONS

7.     Plaintiffs, Donald W. Acton and Mary K. Acton, husband and wife, maintained a joint checking account with Regions, bearing account number (redacted).

8.     In December 2011 and January 2012, Plaintiffs' checking account was compromised, and, without Plaintiffs' knowledge, numerous unauthorized purchases totaling $5,635.00, allegedly made using the Plaintiffs' PIN, were charged to Plaintiffs' account.

9.     In January 2012, Plaintiffs discovered the unauthorized charges to their checking account. Plaintiffs immediately reported the unauthorized charges to the local branch of Regions.

10.     On January 26, 2012, Regions sent Plaintiffs a letter stating that Regions had "completed [their] investigation" of the charges and found that "no error occurred" because "[i]nformation provided by cardholder during investigation did not provide proof of compromise or clear nature of reason for the claim."

11.     Regions refused to credit Plaintiffs' account for the unauthorized charges. When Plaintiffs followed up via phone calls to Regions, Plaintiffs were told the charges would not be credited to their account because the Plaintiffs' PIN was used in the transactions.

12.     On or about February 9, 2012, through undersigned counsel, Plaintiffs made demand on Regions for return of the unauthorized charges. A copy of this demand letter is attached hereto as "**Exhibit A, (account number redacted)**".

13.     On or about April 16, 2012, through undersigned counsel, Plaintiffs made an additional demand on Regions for the return of unauthorized charges. Plaintiffs also requested all documents used in connection with the legally mandated investigation of the Plaintiffs' disputed transactions. A copy of this demand letter is attached hereto as "**Exhibit B**" **(account number redacted).**

14.     Regions failed to respond to either of the aforementioned demand letters.

15.     On information and belief, Regions is in violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, 12 C.F.R. § 205 in the following, non-exclusive respects:

a.     Failing to investigate the alleged fraudulent transactions

b. Failing to report the results of the investigation within 10 business days.

c. If Regions determined that the transactions were authorized, failing to provide an explanation within 3 business days after the conclusion of the investigation.

d. Failing to provisionally credit the accounts for the unauthorized transactions when the investigation and determination were not finalized within 10 business days.

e. If Regions concluded that the transactions were authorized, knowingly and willfully concluding that the transactions were authorized when this conclusion could not reasonably have been drawn from the available evidence.

16. Pursuant to the Electronic Funds Transfer Act, Regions was required, upon request of the Plaintiffs, to promptly deliver or mail to Plaintiffs the reproduction of all documents which Regions relied on to conclude that no error had occurred on the Account. *See* 15 U.S.C. § 1693(f)(d).

17. In an advisory letter issued by the U.S. Department of the Treasury, Office of the Comptroller of the Currency ("OCC") in September 2001, the OCC established that it is insufficient to establish that a transaction was authorized based solely on the fact that a personal identification number ("PIN") was used because "fraudulent means may have been used to obtain the costumer's account number, card, or PIN." The language of the advisory letter was incorporated into the Comptroller's Handbook – Electronic Funds Transfer Act, October 2011. A copy of the letter and an excerpt from the Comptroller's Handbook are attached hereto as "**Exhibit C**."

18.     §1693m of the EFTA states in relevant part:

... any person who fails to comply with any provision of [the EFTA] with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of—

(1) any actual damage sustained by such consumer as a result of such failure;

(2)(A) in the case of an individual action, an amount not less than $100 nor greater than $1,000 ...; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1693m(a)

...

If in any action under section 1693m of this title, the court finds that--

(1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c) of this section, and the financial institution

(A) did not make a good faith investigation of the alleged error, or
(B) did not have a reasonable basis for believing that the consumer's account was not in error; or

(2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation, then the consumer shall be entitled to treble damages determined under section 1693m(a)(1) of this title.

15 U.S.C. § 1693f(e)

19.     Furthermore, "[i]n any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized..." 15 U.S.C. § 1693g(b).

20.     Pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693, 12 C.F.R. § 205, Plaintiffs are entitled to recover all costs incurred in pursuing the recovery

of the unauthorized withdrawals, including reasonable attorneys fees. Additionally, Plaintiffs are entitled to recover treble damages.

WHEREFORE, Plaintiffs, Donald W. Acton and Mary K. Acton, pray that a jury be empaneled and return a judgment for what follows:

I.     For judgment herein in their favor and against Defendant, Regions Bank, in an amount equal to all unauthorized charges and/or withdrawals from their accounts, including any fees and charges associated with these withdrawals, not to exceed $100,000 plus reasonable attorney fees and costs.

II.    For judgment herein in their favor and against Defendant, Regions Bank, for all damages resulting from the actions of Regions Bank as alleged in the petition.

III.   For treble damages.

IV.   For all costs incurred in recovering the funds from Regions Bank, including, but not limited to, reasonable attorneys fees.

V.    For legal interest.

VI.   For all costs, and

VII.  For all other just and equitable relief.

Respectfully submitted this 11th day of October, 2012.

**HODGES, DOUGHTY & CARSON, PLLC**

s/Joshua J. Bond
JOSHUA J. BOND (BPR No. 020636)
Attorneys for Plaintiffs
Donald W. Acton and Mary K. Acton
P.O. Box 869
Knoxville, TN 37901-0869
(865) 292-2307
jbond@hdclaw.com